## IN THE UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON LEOPOLD,** | ) |
| 6824 Lexington Avenue | ) |
| Los Angeles, CA 90038 | ) |
| | ) |
| **BUZZFEED INC.,** | ) |
| 111 East 18th Street, 13th Floor | ) |
| New York, NY 10003 | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **U.S. DEPARTMENT OF JUSTICE** | ) |
| 950 Pennsylvania Ave NW | ) |
| Washington, D.C. 20530 | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

1.      Plaintiffs, JASON LEOPOLD and BUZZFEED INC., bring this Freedom of Information Act suit to force Defendant U.S. DEPARTMENT OF JUSTICE ("DOJ") to produce various DOJ records regarding DOJ's sentencing recommendation for *U.S. v. Stone* and President Trump's February 10, 2020 Tweet that called the sentencing recommendation a "miscarriage of justice" and ultimately may have influenced the DOJ to reduce the sentencing recommendation for Roger Stone.

## PARTIES

2.      Plaintiffs JASON LEOPOLD and BUZZFEED INC. are members of the media and made the FOIA request at issue in this case.

3.      Defendant U.S. DEPARTMENT OF JUSTICE ("DOJ") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question

conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

5.      Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## FEBRUARY 11, 2020, FOIA REQUEST

6.      On February 11, 2020, Plaintiffs submitted a FOIA request to DOJ and its eight

components seeking:

> 1) All emails, memos, letters, text messages, legal opinions and memos and guidance, directives, mentioning or referring to a February 10, 2020 tweet by President Donald Trump that said in response to DOJ's sentencing recommendation of Roger Stone: 'This is a horrible and very unfair situation. The real losers were on the other side, as nothing happens to them. Cannot allow this miscarriage of justice! https://twitter.com/realdonaldtrump/status/1227122206 783811585";

> 2) All emails, memos, letters, directives, legal guidance, memos and opinions, relating to or referring to a decision by the Department of Justice, as has been widely reported on February 11, 2020 to scale back the 7 to 9 year sentencing recommendation by DOJ for Roger Stone as articulated in a sentencing memorandum submitted in US District Court for the District of Columbia on February 10, 2020. The decision to scale back this sentencing recommendation was made hours after President Trump's tweet;

> 3) All emails, memos, letters, text messages, directives sent to US Attorney Aaron Zelinsky by Senior Officials in the Office of Attorney General, Deputy Attorney General, Associate Attorney General, Executive Office of US Attorneys, Office of Legal Policy, mentioning or referring to Mr. Zelinsky's resignation as a prosecutor from the Roger Stone case on February 11, 2020; and

> 4) All emails, memos, letters, text messages, directives sent and received by US Attorney Aaron Zelinsky on February 10 and February 11, 2020.

Exhibit A.

7.      Plaintiffs also requested expedited processing and a fee waiver for this request.

Exhibit A.

8.      Under DOJ regulations, "[r]equests and appeals shall be processed on an

expedited basis whenever it is determined that they involve: (i) Circumstances in which the lack

of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (ii) An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information; (iii) The loss of substantial due process rights; or (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1).

9.      On February 11, 2020, DOJ's Executive Office for United States Attorneys ("EOUSA") sent an automated email acknowledging receipt of the request and assigned reference number EOUSA-2020-001548 to the matter.  Exhibit B.

10.     On February 21, 2020, DOJ's Office of Information Policy ("OIP"); on behalf of Office of the Attorney General, Deputy Attorney General, Office of Legal Policy, Office of Legislative Affairs, Associate Attorney General, and Office of Public Affairs; acknowledged receipt of the request, denied expedited processing under the "urgency to inform" prong because OIP could not "identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally", referred the "public integrity" prong to the Director of Public Affairs, and extended "the time limit to respond to [the] request beyond the ten additional days provided by the statute."  DOJ assigned reference number 2020-00177 to the matter.  Exhibit C.

11.     Plaintiffs are entitled to expedited processing because there is an urgency to inform the public, it related to a matter of widespread public interest and actual government activity, and Plaintiffs are primarily engaged in disseminating information.

12.     The subject matter of the requested records and the underlying incident have been the subject of a great deal of media attention due to concerns regarding President Trump's

involvement in the sentencing of Roger Stone; the politicization of DOJ; and the resulting resignation of Aaron Zelinsky, the prosecutor assigned to the case.

13.     The requested records are needed as they relate to the integrity of DOJ and officials in DOJ who have taken the extraordinary step of intervening in the criminal case of Stone following a tweet by President Trump and recommending a scaled back sentencing of the initial 7 to 9 year sentence.

14.     This matter is of urgent concern and goes to the heart of whether the public can have faith in government institutions charged with upholding the law.

15.     As of the date of this filing, DOJ has not issued a determination and has produced no records responsive to the request.

## COUNT I – DOJ'S FOIA VIOLATION

16.     The above paragraphs are incorporated herein.

17.     DOJ and its components are federal agencies, subject to FOIA.

18.     The requested records are not exempt under FOIA.

19.     DOJ and its components have refused to produce the requested materials in a timely manner.

**WHEREFORE**, Plaintiffs ask the Court to:

i.      declare that DOJ has violated FOIA;

ii.     order DOJ to conduct a reasonable search for records and to produce the requested records;

iii.    enjoin DOJ from withholding non-exempt public records under FOIA;

iv.     award Plaintiffs attorneys' fees and costs;

v.      award such other relief the Court considers appropriate.

Dated: February 24, 2020

RESPECTFULLY SUBMITTED,

/s/ *Matthew V. Topic*

Attorney for Plaintiffs
JASON LEOPOLD,
BUZZFEED INC.

Matthew Topic, D.C. Bar No. IL 0037
Joshua Burday, D.C. Bar No. IL 0042
Merrick Wayne, D.C. Bar No. IL 0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com