## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD, *et al.*,

            Plaintiffs,

v.

U.S. DEPARTMENT OF JUSTICE,

            Defendant.

Civil Action No. 1:20-cv-00540-RDM

## DEFENDANT'S MOTION TO DISMISS

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

FACTUAL BACKGROUND ................................................................................................... 2

LEGAL STANDARDS ............................................................................................................ 4

ARGUMENT ............................................................................................................................ 6

I.  PLAINTIFFS' CLAIM FOR PRODUCTION OF DOCUMENTS MUST BE DISMISSED BECAUSE THEY FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES ........................................................................................ 6

    A.  Plaintiffs' Complaint Should Be Dismissed for Failure to Exhaust Administrative Remedies Because It Was Filed Prematurely ................................ 6

    B.  Plaintiffs Cannot Avoid Dismissal by Bootstrapping a Premature Production Claim to a Ripe Expedited Processing Claim ...................................... 8

    C.  Plaintiffs Should Be Denied Leave to Amend .......................................................... 9

II.  ASSUMING PLAINTIFFS' COMPLAINT IS CONSTRUED TO INCLUDE A REQUEST FOR EXPEDITED PROCESSING, THE COURT IS WITHOUT JURISDICTION TO HEAR IT ........................................................................................ 11

    A.  Plaintiffs' Request for Expedited Processing Is Moot .......................................... 11

    B.  The Court Lacks Statutory Jurisdiction Over Any Expedited Processing Claim Insofar as It Pertains to the Criminal Division .......................................... 13

CONCLUSION ....................................................................................................................... 14

## TABLE OF AUTHORITIES

**CASES**

*Abhe & Svoboda, Inc. v. Chao,*
  508 F.3d 1052 (D.C. Cir. 2007) ................................................................................................ 4

*Appalachian Voices v. McCarthy*,
  989 F. Supp. 2d 30 (D.D.C. 2013) .......................................................................................... 11

*Bonner v. Soc. Sec. Admin.*,
  574 F. Supp. 2d 136 (D.D.C. 2008) ......................................................................................... 6

*DaimlerChrysler Corp. v. Cuno*,
  547 U.S. 332 (2006) ................................................................................................................. 5

*Dist. No. 1, Pac. Coast Dist., Marine Engineers Beneficial Ass'n, AFL-CIO v. Liberty Mar. Corp.,* 933 F.3d 751 (D.C. Cir. 2019) …………………………………………………….. 14

*Feldman v. FDIC*,
  879 F.3d 347 (D.C. Cir. 2018) ................................................................................................. 5

*Forrester v. U.S. Parole Comm'n*,
  310 F. Supp. 2d 162 (D.D.C. 2004) ......................................................................................... 5

*Friends of Animals v. Salazar*,
  670 F. Supp. 2d 7 (D.D.C. 2009) ............................................................................................. 5

*\*Hidalgo v. FBI,*
  344 F.3d 1256 (D.C.Cir.2003) ......................................................................................... 4, 6, 7

*Jeong Seon Han v. Lynch*,
  223 F. Supp. 3d 95 (D.D.C. 2016) ........................................................................................... 5

*Judicial Watch v. Dep't of Energy*,
  191 F.Supp.2d 138 (D.D.C. 2002) ..........................................................................................11

*\*Judicial Watch, Inc. v. F.B.I.*,
  2002 WL 34339771 (D.D.C. July 26, 2002) .................................................................. *passim*

*Landmark Legal Found. v. E.P.A.*,
  910 F. Supp. 2d 270 (D.D.C. 2012) ....................................................................................... 13

*Lemon v. Geren*,
  514 F.3d 1312 (D.C. Cir. 2008) ............................................................................................. 12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .................................................................................................................. 5

*Morgan v. United States Parole Comm'n*,
    304 F. Supp. 3d 240 (D.D.C. 2016) ......................................................................................... 4

*Muttitt v. Department of State,*
    926 F.Supp.2d 284 (D.D.C. 2013) .........................................................................................14

*Nat'l Sec. Counselors v. C.I.A.*,
    931 F. Supp. 2d 77 (D.D.C. 2013) ............................................................................................ 6

*Schmidt v. U.S. Capitol Police Bd.*,
    826 F. Supp. 2d 59 (D.D.C. 2011) ............................................................................................ 5

*Sinito v. United States Dep't of Justice*,
    176 F.3d 512 (D.C. Cir. 1999) .................................................................................................. 7

*Stewart v. Nat'l Educ. Ass'n,*
    471 F.3d 169 (D.C.Cir.2006) .................................................................................................... 4

*Tracy v. United States*,
    No. CV 16-651 (RDM), 2016 WL 7664716 (D.D.C. Nov. 18, 2016) ....................................... 4

*Vance v. Chao*,
    496 F. Supp. 2d 182 (D.D.C. 2007) .......................................................................................... 3

*Weisberg v. U.S. Dep't of Justice*,
    745 F.2d 1476 (D.C. Cir. 1984) ................................................................................................ 7

**STATUTES**

5 U.S.C. § 552 ....................................................................................................................... *passim*

**RULES**

F.R.E. 201 ..................................................................................................................................... 3

Fed. R. Civ. P. 12 ........................................................................................................... 4, 5, 13, 14

Fed. R. Civ. P. 56 ....................................................................................................................... 14

**INTRODUCTION**

Plaintiffs, sophisticated FOIA litigants, seek to circumvent the requirements of FOIA and the clear case law of this District in order to obtain unfair priority for their own FOIA request. The FOIA requires requesters to exhaust administrative remedies before bringing a claim in federal court for release of the documents they have requested. Plaintiffs did not do so here. Instead, they filed their Complaint a mere 13 calendar days—and only eight business days—after submitting their FOIA request to certain components of the Department of Justice (DOJ). They failed to exhaust prior to filing the instant action, the law is clear that their claim should therefore be dismissed.

Plaintiffs contend that they are not required to follow the FOIA's statutory requirements because their request also sought expedited processing from the agency. They are wrong. Plaintiffs' position was considered and rejected nearly 20 years ago by a court in this district in *Judicial Watch, Inc. v. F.B.I.*, 2002 WL 34339771 (D.D.C. July 26, 2002). The court there made clear that, in circumstances like the present case where a plaintiff sought review for a failure to respond to a request for expedited processing and included a claim for release of documents before exhausting administrative remedies, the unexhausted claim relating to the release of documents must be dismissed. Because "the only relief the plaintiff was entitled to upon filing its complaint . . . is limited to a challenge of defendant's failure to respond to the request for expedited processing" a court "*must* conclude that the plaintiff's FOIA claim was filed prematurely, and therefore, must dismiss the plaintiff's complaint . . . ." 2002 WL 34339771 at *4 (emphasis added).

Even if Plaintiffs had brought the one claim they were entitled to bring at the time they filed their Complaint, a claim seeking an order that they be granted expedited processing—relief that Plaintiffs do not seek in their Complaint—any such claim would now be moot. Plaintiffs were granted expedited processing subsequent to filing their Complaint by each of the DOJ components

1

to which they direct their requests, and, in the case of one component, have now received a complete response to their request.

Plaintiffs could easily have waited three more weeks for DOJ to respond to their request and added a claim for the production documents if they did not receive a response—or continued the administrative process if they did. But Plaintiffs—litigants in scores of FOIA cases—chose instead to pretermit the administrative process in an attempt to jump the queue of similarly-situated requesters. Fairness requires that they be held to the rules that the FOIA requires of all requesters.

## **FACTUAL BACKGROUND**[1]

On February 11, 2020, Plaintiffs submitted a FOIA request to eight DOJ components seeking materials broadly related to the sentencing of Roger Stone and requesting expedited processing of the request. Compl. ¶¶ 6, 7. On February 21, 2020, DOJ's Office of Information Policy (OIP), on behalf of six of the components,[2] denied expedited processing under one of the grounds asserted by Plaintiff and referred the other ground advanced by Plaintiffs to the DOJ's Director of Public Affairs for decision. *Id.* ¶ 10. On February 24, 2020, just eight business days after submitting their FOIA request, Plaintiffs filed their Complaint in the instant action, seeking an order compelling the production of documents responsive to their request, but not an order directing the agency to expedite the processing of their request. *See id.* at 4 (requested relief).

---

[1] The factual matters presented in this section are limited to those (i) from the pleadings in this case, (ii) subject to judicial notice, or (iii) relevant to Defendant's alternative jurisdictional argument pursuant to 12(b)(1), in which materials outside the Complaint are properly considered. *See infra* at 4-6 (Legal Standards). Should the Court conclude it is necessary to convert the instant motion to a motion for summary judgment or deny Defendant's Motion to Dismiss, Defendant presents additional facts in support of its alternative Motion for Summary Judgment in Part III.

[2] OIP is responsible for processing FOIA requests seeking records from within OIP and within six senior leadership offices of the Department, specifically the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (PAO).

On February 28, 2020, the Executive Office for United States Attorneys (EOUSA), one of the two components from which Plaintiffs sought documents not represented by OIP, informed Plaintiffs by letter that their request for expedited processing would be granted. Cain Decl. Ex. A. On March 5, 2020, the other DOJ component not handled by OIP, the Criminal Division, informed Plaintiffs by letter that their request for expedited processing would be granted. Butler Decl. Ex. A. And on March 25, 2020, the Office of Information Policy informed Plaintiffs by letter that their request for expedited processing would be granted. Brinkmann Decl. Ex. A.

In addition to the request at issue in the instant case, Plaintiffs submitted an additional, partially overlapping FOIA request for materials related, *inter alia*, to the sentencing of Roger Stone on February 13, 2020. Lynch Decl. Ex. 1 (Complaint, *Leopold v. Dep't of Justice* ("*Leopold II*"), No. 20-cv-741-CRC (D.D.C), ECF No. 1) ¶ 6; Lynch Decl. Ex 2 (Amended Complaint, *Leopold II*, ECF No. 5) ¶¶ 6 & 14. This significantly overlapping request encompasses many of the documents requested in the request being litigated here. *Compare* Compl. ¶ 6 (quoting request for, *inter alia*, documents "relating to or referring to a decision by the Department of Justice, as has been widely reported on February 11, 2020 to scale back the 7 to 9 year sentencing recommendation by DOJ for Roger Stone" and "mentioning or referring to Mr. Zelinsky's resignation as a prosecutor from the Roger Stone case" *with* Lynch Decl Ex. 1, ¶ 6 (quoting request for, *inter alia*, documents "memorializing the Department's decision to vary from the Department's and sentencing policy in *United States v. Roger Stone*" and "[a]ny and all records mentioning or referring to the resignation of the four US attorneys assigned to *United States v. Roger Stone* who resigned from their positions following the Justice Department's intervention in the case: Aaron Zelinsky, Adam Jed, Jonathan Kravis, Michael Marando"). Plaintiffs filed suit seeking production of records responsive to that significantly overlapping request on March 16,

2020, twenty-one business days after the latter request. *See* Lynch Decl. Ex. 1 ¶ 9 and at 4 (item ii of requested relief). The parties have been in negotiations regarding the scope of the request. *See* Lynch Decl. Ex. 2 ¶ 14; Lynch Decl. Ex. 3 (Answer, *Leopold II*, ECF No. 6) ¶ 14.

These are not Plaintiffs' only FOIA cases. As of May 15, 2020, this court's records revealed over 60 FOIA cases in which Jason Leopold is a Plaintiff and over 40 cases in which Buzzfeed is a Plaintiff. Lynch Decl. Exs. 4 & 5.[3]

## LEGAL STANDARDS

**Failure to Exhaust:** A plaintiff's failure to exhaust a FOIA claim requires dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Hidalgo v. FBI,* 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating grant of summary judgment and remanding FOIA case "with instructions to the district court to dismiss the complaint under [Rule] 12(b)(6) . . . for failure to exhaust administrative remedies").

> In evaluating such a motion, the Court "must first 'tak[e] note of the elements a plaintiff must plead to state [the] claim' to relief, and then determine whether the plaintiff has pleaded those elements with adequate factual support to 'state a claim to relief that is plausible on its face.' " Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, [if] accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Tracy v. United States*, No. CV 16-651 (RDM), 2016 WL 7664716, at *3 (D.D.C. Nov. 18, 2016) (Moss, J.) (alterations in original) (citations omitted).

---

[3] The Court should take judicial notice of the records of this court contained in Exhibits 1-5 of the Lynch Declaration. *See, e.g, Vance v. Chao*, 496 F. Supp. 2d 182, 184 (D.D.C. 2007) ("The Court may take judicial notice of public documents, such as court records, without converting a motion to dismiss into a motion for summary judgment."); F.R.E. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information.").

"In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." *Abhe & Svoboda, Inc. v. Chao,* 508 F.3d 1052, 1059 (D.C. Cir. 2007) *(quoting Stewart v. Nat'l Educ. Ass'n,* 471 F.3d 169, 173 (D.C.Cir.2006)). "[A] court may take judicial notice of its own records, public records from other proceedings, and documents attached as exhibits or incorporated by reference in the complaint." *Morgan v. United States Parole Comm'n*, 304 F. Supp. 3d 240, 246 (D.D.C. 2016).

**Mootness:** "'[A] motion to dismiss for mootness is properly brought under Federal Rule of Civil Procedure 12(b)(1).'" *Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 102–03 (D.D.C. 2016 (quoting *Friends of Animals v. Salazar*, 670 F.Supp.2d 7, 11 (D.D.C. 2009)).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a claim must be dismissed if a district court lacks subject-matter jurisdiction to entertain the claim. *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 64 (D.D.C. 2011). Plaintiffs bear the burden of demonstrating jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). It is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (citation omitted).

"Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt*, 826 F. Supp. 2d at 65. And because the Court has "an affirmative obligation . . . to ensure that it is acting within the scope of its jurisdictional authority," the Court may "consider matters outside the pleadings" in addressing Defendants' motion to dismiss under Rule 12(b)(1) without converting it to a motion for summary judgment. *Forrester v. U.S. Parole Comm'n*, 310 F. Supp. 2d 162, 167

(D.D.C. 2004) (citation omitted). Accordingly, "[w]here a motion to dismiss a complaint present[s] a dispute over the factual basis of the court's subject matter jurisdiction[,] . . . the court may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant." *Feldman v. FDIC*, 879 F.3d 347, 351 (D.C. Cir. 2018) (citation omitted).

## ARGUMENT

I. **PLAINTIFFS' CLAIM FOR PRODUCTION OF DOCUMENTS MUST BE DISMISSED BECAUSE THEY FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES**

   A. **Plaintiffs' Complaint Should Be Dismissed for Failure to Exhaust Administrative Remedies Because It Was Filed Prematurely**

The "exhaustion of administrative remedies in a FOIA case is treated as an element of a FOIA claim, which, as with all elements of any claim, must be proved by the plaintiff in order to prevail." *Bonner v. Soc. Sec. Admin.*, 574 F. Supp. 2d 136, 139 (D.D.C. 2008); *see Hidalgo*, 344 F.3d at 1258-59 (concluding "failure to exhaust precludes judicial review" in FOIA cases not as a jurisdictional matter but because "the purposes of exhaustion and the particular administrative scheme support such a bar"). "Failure to exhaust administrative remedies is *not* a mere technicality, and a court must decline to decide the merits of an unexhausted FOIA claim when the plaintiff fails to comply with procedures for administrative review, denying the agency an opportunity to review its initial determination, apply its expertise, correct any errors, and create an ample record in the process." *Nat'l Sec. Counselors v. C.I.A.*, 931 F. Supp. 2d 77, 99–100 (D.D.C. 2013).

While the FOIA provides that a plaintiff is *deemed* to have constructively exhausted administrative remedies, subject to certain unusual circumstances, by waiting 20 business days to file suit if it has not received a determination from the agency at that time, see 5 U.S.C. §

6

552(a)(6)(C)(i), "[a] premature filing of a FOIA claim that has not matured because a party has failed to exhaust administrative remedies prior to filing a complaint with a federal court is subject to dismissal . . . ." *Judicial Watch, Inc. v. F.B.I.*, 2002 WL 34339771, at *2 (D.D.C. July 26, 2002); *see Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1497 (D.C. Cir. 1984) ("First, appellant filed his second administrative request on December 23, 1975, and then amended his previously filed complaint regarding the first administrative request the *very next day*. He therefore did not exhaust his administrative remedies by allowing the Department ten [now 20] days within which to respond to the second request. Appellant thus pretermitted the administrative stage of the processing of FOIA requests.").

Here, Plaintiffs submitted a FOIA request on February 11, 2020, and then filed suit on February 24, 2020, eight business days later. Compl. (ECF No. 1) ¶ 6; *id.* at 4 (date line and date stamp). By failing to wait the 20-business days required by the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and prematurely filing a case in which they seek an "order [that the] DOJ . . . conduct a reasonable search for records and . . . produce the requested records," Plaintiffs failed to exhaust their administrative remedies. Compl. at 4 (requested relief, item ii). Their claim is subject to dismissal. *See, e.g., Judicial Watch*, 2002 WL at 34339771 at *3, *5 (dismissing complaint for failure to exhaust where "twelve business days after filing its FOIA expedited processing request for . . . documents[,] . . . the plaintiff filed a complaint for relief with this court requesting relief that pertains solely to the actual release of the documents"); *Hidalgo*, 344 F.3d at 1259, 1260 (noting the D.C. Circuit's consistent, repeated conclusion that FOIA's "'statutory scheme requires each requestor to exhaust administrative remedies'" and dismissing case on this basis) (quoting *Sinito v. United States Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) and citing cases).

7

### B. Plaintiffs Cannot Avoid Dismissal by Bootstrapping a Premature Production Claim to a Ripe Expedited Processing Claim

Plaintiffs cannot avoid dismissal for failure to exhaust by "attempting to bootstrap [their] disclosure request for records onto their administrative request for expedited processing." *Judicial Watch,* 2002 WL at 34339771 at *4. *Judicial Watch* presented nearly identical circumstances as the case here: The plaintiff, a sophisticated and frequent FOIA requester, filed suit seeking production of documents less than 20 business days after making a FOIA request for which it sought expedited processing. Judicial Watch attempted to justify its failure to exhaust its claim for production of records by arguing that it was properly in court on review of its request for expedited processing. *See id.* at *3.

The *Judicial Watch* court rejected the plaintiff's attempt to bootstrap its document claim to its claim for expedited processing. The court explained that the claim implicated "two separate and distinct provisions of the FOIA . . . : one that covers the actual request for the . . . documents, 5 U.S.C. § 552(a)(6)(A), and a second that address the plaintiff's request for an expedited processing of this request, 5 U.S.C § 552(a)(6)(E)." The court further explained that "§ 552(a)(6)(E)(iii)'s provision for direct judicial review of expedited processing requests [is] distinct from the constructive exhaustion provision contained in § 552(a)(6)(C)(i) regarding the actual production of the requested documents." *Id.* at *2, *3. As a result, "[i]t [wa]s clear that the only relief the plaintiff was entitled to . . . [was] judicial review pursuant to 5 U.S.C. § 552(a)(6)(E)(iii), which is limited to a challenge of defendant's failure to respond to the request for expedited processing, and not the court's review of whether it was entitled to the documents themselves." *Id.* at *4. The complaint in *Judicial Watch*, however—like the Complaint in the instant case— "d[id] not seek judicial review of the defendant's failure to timely respond to the expedited processing request, but instead s[ought] a court order for the release of the actual documents." *Id.*

8

Accordingly, the court determined it "*must conclude* that the plaintiff's FOIA claim was filed prematurely, and therefore, must dismiss the plaintiff's complaint . . . ." *Id.*

Importantly, that "the defendant subsequently failed to timely respond to the plaintiff's substantive request for documents within twenty business days" was not relevant to the decision to dismiss Judicial Watch's claim for the production of documents. *Id.* This is because the court appropriately "consider[ed] those facts and circumstances that existed at the time of the filing of the complaint, and not subsequent events, in deciding whether this case must be dismissed." *Id.*

The instant case cannot be materially distinguished from *Judicial Watch*. Accordingly, this Court should follow the *Judicial Watch* court and dismiss this case. Here, just as in *Judicial Watch*, Plaintiffs filed a claim seeking production of documents as relief even though their claim for production was premature, on the theory that they had a ripe claim for expedited processing. *Compare* Compl. at 4 (request for relief limited to production of documents and making no mention of expedited processing) *with Judicial Watch*, 2002 WL 34339771, at *3 n.3 (setting forth the nearly identical request for relief at issue there). Here, as in *Judicial Watch*, the Complaint must be dismissed.

### C.  Plaintiffs Should Be Denied Leave to Amend

Just as in *Judicial Watch*, Plaintiffs should be denied leave to amend in this case. First, as noted in that case, "a plaintiff can simply refile the FOIA request tomorrow and restart the process." 2002 WL 34339771 at *4. The cost to the Plaintiffs, in other words, would, subject to an assertion of unusual circumstances, be limited—at most—to an additional 20 business days to be back in court, assuming that Plaintiffs chose to pursue their request further and did not receive a determination in that time.

But even this modest setback understates the alleged harm to Plaintiffs here. This case is not Plaintiffs' only FOIA litigation currently pending against Defendant that addresses documents

related to Mr. Stone's sentencing. Plaintiffs are currently pursuing litigation on a related FOIA request in this District in which they also seek documents related to the Stone sentencing. *See* Lynch Decl. Ex. 1 (addressing request for, inter alia, "Any and all records mentioning or referring to the resignation of the four US attorneys assigned to *United States v. Roger Stone* who resigned from their positions following the Justice Department's intervention in the case: Aaron Zelinsky, Adam Jed, Jonathan Kravis, Michael Marando"); *cf.* Compl. ¶ 6. In that case, *Leopold II*, Plaintiffs have negotiated with defendants about the scope of their request and a production schedule. *See* Lynch Decl. Ex. 2, ¶ 14; Lynch Decl. Ex. 3, ¶ 14. To the extent any documents comprised by Plaintiffs' request at issue in *Leopold II* are subject to the FOIA, Plaintiffs will likely be able to obtain many if not most through their parallel request and this related litigation. Any parallel public interest in disclosure can likewise be fully validated in that forum.[4]

Permitting Plaintiffs to proceed in the instant case notwithstanding their clear violation of the FOIA's procedural requirements, by contrast, would harm the orderly administration of the FOIA, including "first-in first-out" principles, and invite future disregard of the law by both Plaintiffs and other requesters vying to be "first" in court. Plaintiffs are sophisticated FOIA requesters and litigants: A search of this District's records returns over 60 FOIA cases in which Plaintiff Leopold is or has been a plaintiff, and over 40 in which Plaintiff Buzzfeed is or has been

---

[4] Contrary to the Court's remarks at the May 14, 2020 status conference, Defendant's position is not driven by any desire to delay production of these particular documents. To the contrary, many FOIA requesters have sought documents relating to the Stone sentencing, including, as detailed above, an additional request by Plaintiffs themselves. For this reason, this case is also distinct from *Judicial Watch v. Dep't of Energy*, 191 F.Supp.2d 138 (D.D.C. 2002), where the court recognized the plaintiff's failure to exhaust, but permitted the plaintiff to file a supplemental pleading pursuant to Rule 15(d) to cure the error, where 10 months had passed and several of the agencies who received the request at issue had yet to provide a response. Here, not only has far less time passed, but the agency is engaged with Plaintiff—among others—in continuing to search for and process the materials at issue regardless of the disposition of this motion.

10

a Plaintiff.  Lynch Decl. Exs. 4 & 5.  They cannot be considered novices who have unintentionally tripped up over a complicated statute.  They should be held to the consequences of their deliberate litigation choices.  Any other result would undermine FOIA's administrative scheme and the precedent of this district, while rewarding the attempt to do so.

## II. ASSUMING PLAINTIFFS' COMPLAINT IS CONSTRUED TO INCLUDE A REQUEST FOR EXPEDITED PROCESSING, THE COURT IS WITHOUT JURISDICTION TO HEAR IT

For the reasons stated above, the Complaint should be dismissed as a matter of law.  As noted above, Plaintiffs do not seek any order in their Complaint that they are entitled to expedited processing of their request, and thus do not properly assert a claim for expedited processing.  Accordingly, their case—which under a fair construction of the Complaint is limited to a premature claim for production of documents—should be dismissed in full for failure to exhaust as set forth above.  *Supra* Part I.  To the extent the Court disagrees and construes the Complaint as setting forth a claim for expedited processing, however, any such claim is moot.  Each DOJ component has either granted expedition, or, in the case of Criminal Division, fully responded to the Plaintiffs' request, rendering an expedition claim as to that office doubly moot.

### A. Plaintiffs' Request for Expedited Processing Is Moot

To the extent their Complaint can be construed as seeking any order for expedited processing, the claim is moot.  "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome so that the court can provide no effective remedy because a party has already obtained all the relief that [it has] sought." *Appalachian Voices v. McCarthy*, 989 F. Supp. 2d 30, 51 (D.D.C. 2013) (alteration in original, internal quotation marks and citation omitted); *see also Lemon v. Geren*, 514 F.3d 1312, 1315 (D.C. Cir. 2008) ("A case becomes moot when 'intervening events make it impossible to grant the prevailing party effective relief.'") (citation omitted).

11

As the court noted in *Judicial Watch*, a claim for expedited processing is distinct from a claim for production of documents, and the two are governed by different sections of the FOIA with different requirements: "[Section] 552(a)(6)(E)(iii)'s provision for direct judicial review of expedited processing requests distinct from the constructive exhaustion provision contained in § 552(a)(6)(C)(i) regarding the actual production of the requested documents." 2002 WL 34339771, at *3. Thus, a claim under the former provision permits a court to order an agency to prioritize the processing of a request, while a claim under the latter permits a court to order production of documents, and the two provisions have different prerequisites. *See supra* Part I.B.

Here, even if the Plaintiffs had requested an order from the Court directing the DOJ to grant its request for expedited processing, the Court could provide no effective remedy, because the issue of whether the Plaintiffs' request should be granted expedited processing has already been determined in Plaintiffs' favor by each of the eight components to which Plaintiffs submitted their request. EOUSA granted Plaintiffs' request for expedited processing on February 28, 2020. Cain Decl. Ex. A.[5] The Criminal Division granted Plaintiffs' request for expedited processing on March 5, 2020. Butler Decl. Ex. A. And the Office of Information Policy granted their request for expedited processing on behalf of the remaining six components to whom Plaintiffs addressed their request on March 28, 2020. Brinkman Decl. Ex. C. Accordingly, even if Plaintiffs had sought an order that Defendant grant their request expedited processing, that request for relief would now be moot, as every component to which Plaintiff has directed the instant request has now granted the request for expedited processing. *See, e.g., Landmark Legal Found. v. E.P.A.*, 910

---

[5] As set forth above, *supra* pp. 5-6, because the Court has "an affirmative obligation . . . to ensure that it is acting within the scope of its jurisdictional authority," the Court may "consider matters outside the pleadings" in addressing Defendants' motion to dismiss under Rule 12(b)(1) without converting it to a motion for summary judgment. *Forrester v. U.S. Parole Comm'n*, 310 F. Supp. 2d 162, 167 (D.D.C. 2004).

12

F. Supp. 2d 270, 275 (D.D.C. 2012) (noting likely mootness of expedited processing claim because "an award of expedited processing only moves the plaintiff's request 'to the front of the agency's processing queue, as provided by FOIA, and require[s] that they be processed "as soon as practicable,"'" so that where an agency has moved a request to the front of the processing queue, "the Court questions whether an order compelling expedited processing would afford any additional relief" to plaintiff.).

### B. The Court Lacks Statutory Jurisdiction Over Any Expedited Processing Claim Insofar as It Pertains to the Criminal Division

The FOIA provides that "[a] district court of the United States shall not have jurisdiction to review an agency denial of expedited processing of a request for records after the agency has provided a complete response to the request." 5 U.S.C. § 552(a)(6)(E)(iv). On May 22, 2020, the Criminal Division, one of the eight components of DOJ from which Plaintiffs made the request at issue in this litigation, advised the Plaintiff that it "searched the sections most likely to maintain records and no responsive records subject to the FOIA were located." Butler Decl. Ex. B. The Criminal Division's determination that it could locate no responsive records constitutes a complete response to the request. *See, e.g.*, *Muttitt v. Department of State*, 926 F.Supp.2d 284, 296 (D.D.C. 2013) (construing "the phrase 'complete response' in 5 U.S.C. § 552(a)(6)(E)(iv) to mean a final determination under § 552(a)(6)(A), i.e., a final administrative determination whether to release any records that are responsive to the individual's request."). Accordingly, even if Plaintiffs had brought a claim seeking expedited processing with regard to the Criminal Division, not only would the claim be moot, but the Court would no longer have statutory jurisdiction to hear it.[6]

---

[6] For the reasons set forth above, *supra* Part I, this case can and should be dismissed based solely on Plaintiffs' Complaint. To the extent additional materials are referenced, they are subject to judicial notice. As set forth in Part II, should the court choose to construe the Complaint as seeking an order that Plaintiffs' request be granted expedited processing, any such claim should be

13

**CONCLUSION**

For the reasons set forth above, the Defendants' motion to dismiss should be granted.

DATED: May 26, 2020                              Respectfully submitted,

                                           JOSEPH H. HUNT
                                           Assistant Attorney General
                                           Civil Division

                                           ELIZABETH J. SHAPIRO
                                           Deputy Branch Director
                                           Civil Division, Federal Programs Branch

                                           */s/ Christopher M. Lynch*
                                           CHRISTOPHER M. LYNCH
                                           (D.C. Bar No. 1049152)
                                           Trial Attorney
                                           U.S. Department of Justice
                                           Civil Division, Federal Programs Branch
                                           1100 L St., NW
                                           Washington, DC 20005
                                           Telephone: (202) 353-4537
                                           Facsimile: (202) 616-8470
                                           Email: Christopher.M.Lynch@usdoj.gov

                                           *Counsel for Defendant*

---

dismissed pursuant to Rule 12(b)(1), which permits consideration of materials beyond the pleadings. However, should the Court conclude for any reason that it requires consideration of materials outside the pleadings such that this motion must be converted to summary judgment, see Fed. R. Civ. P. 12(d), or that Rule 12(b)(6) is otherwise unavailable, Defendant should still prevail because it "has shown that there is no genuine dispute as to any material fact" and Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Dist. No. 1, Pac. Coast Dist., Marine Engineers Beneficial Ass'n, AFL-CIO v. Liberty Mar. Corp.,* 933 F.3d 751, 760 (D.C. Cir. 2019) (Pursuant to Rule 12(c), "[a] reviewing court "will affirm the district court if the moving party demonstrates that no material fact is in dispute and that it is entitled to judgment as a matter of law.").